UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATRELL TYWARREN JOHNSON, | § § | |
| Movant, | § § | |
| V. | § § | NO. 3:23-CV-032-B-BT |
| | § | (NO. 3:19-CR-306-B) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Catrell Tywarren Johnson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the motion is **DENIED**.

### I.   BACKGROUND

On December 3, 2019, Movant was named in a four-count superseding indictment charging him in count one with sex trafficking of children, in violation of 18 U.S.C. § 1591(a)(1), and in count three with conspiracy to commit child sex trafficking, in violation of 18 U.S.C. § 1594(c) (18 U.S.C. § 1591(a)(1)). *United States v. Johnson*, No. 3:19-CR-306-B, Crim. Doc. 39. On August 28, 2020, Movant was named in a two-count superseding information charging him in each count with use of a facility of interstate commerce in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952(a)(3). Crim. Doc. 122. Movant and his counsel signed a waiver of indictment, Crim. Doc. 123, factual resume, Crim. Doc. 119, and plea agreement, Crim. Doc. 120. The factual resume set forth the elements of the offenses charged by counts one and two of the superseding information and the stipulated facts establishing that Movant had committed those offenses. Crim. Doc. 119. The plea agreement set forth the

penalties Movant faced as to each count of the superseding information, that the plea was freely and voluntarily made and not the result of force or threats or promises aside from those set forth in the agreement, Movant's waiver of the right to appeal or pursue habeas relief except in certain limited circumstances, and a statement that Movant had thoroughly reviewed all legal and factual aspects of the case with his attorney and was fully satisfied with his attorney's legal representation. Crim. Doc. 120. Movant appeared in open court on August 28, 2020, and testified under oath that: he fully understood the charges in the superseding information; he knowingly waived his right to indictment; no threats or pressure had been applied or promises made to get him to plead guilty; he had read, understood, and signed the plea agreement; he understood that he was waiving his right to appeal; he understood that he could not later claim that he had been threatened or coerced of induced by a promise to plead guilty; nothing motivated him to plead guilty other than the plea agreement; he understood the punishment he faced; he committed each of the elements of the offenses charged and the stipulated facts in the factual resume and that he was guilty of the offense charged in each count of the superseding information. Crim. Doc. 190.

      The Court sentenced Movant to terms of imprisonment of sixty months as to each count of the superseding information, to be served consecutively. Crim. Doc. 178. He appealed despite having waived the right to do so. Crim. Doc. 177. His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed as failing to present any nonfrivolous issue. *United States v. Johnson*, No. 21-10174, 2022 WL 414287 (5th Cir. Feb. 10, 2022).

      Movant sets forth five grounds in support of his motion. In his first ground, he alleges that

he is actually innocent of the offenses to which he pled guilty. Civ. Doc. 11 at 7. In his second, third, and fourth grounds, he alleges that he received ineffective assistance of counsel. *Id.* at 7–8. In his fifth ground, he alleges that there was fraud on the Court by the defense and by the U.S. Attorney. *Id.* at 8.

## II. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### III. ANALYSIS

#### A. Actual Innocence

In his first ground, Movant baldly asserts that he is actually innocent of all counts. Civ. Doc. 11 at 7. Even if true, and there is no support for such contention, actual innocence is not itself a stand-alone claim. *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006). Rather, it is

only a gateway through which a habeas petitioner may pass to have his otherwise barred constitutional claim considered on the merits. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Here, Movant alludes to violations of the First, Fourth, Fifth and Sixth Amendments "continuing through today," Civ. Doc. 21 at 2, but does not provide anything more than conclusory allegations. In any event, as the Government concedes, Movant does not need the "gateway" since his ineffective assistance claims are not otherwise barred.

### B. Ineffective Assistance

In his second ground, Movant asserts that he received ineffective assistance of counsel with regard to the waiver of rights under the Bail Reform Act, 18 U.S.C. § 3142. Civ. Doc. 11 at 7. In his third ground, he asserts that his attorney was ineffective in compelling Movant to make false, incriminating statements at various stages of the proceedings. *Id.*; Civ. Doc. 9 at 7. And, in his fourth ground, he alleges that his counsel was ineffective "as to entry of guilty plea." Civ. Doc. 11 at 8.

A valid guilty plea waives all nonjurisdictional defects, including claims of ineffectiveness (except as it relates to the voluntariness of the plea). *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). This includes claims regarding failure to investigate or to challenge police misconduct and the like. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). In addition, the movant must show that but for counsel's error, he would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed

5

preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017).

Movant has not alleged, much less shown, that any of his rights under the Bail Reform Act were violated or that, even if they were, it had any bearing on his plea. In other words, these are at best nonjurisdictional defects. Moreover, for the reasons cited by the Government, Movant could not have avoided detention in any event. Civ. Doc. 16 at 8–9. Thus, he cannot show prejudice with regard to the second ground.

Assuming that the third and fourth grounds relate to the voluntariness of the plea, Movant cannot prevail. The record reflects that Movant's plea was made knowingly and voluntarily and with notice of the consequences thereof. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The factual resume and plea agreement Movant signed are accorded great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). In the factual resume, Movant stipulated to the facts establishing that Movant had committed the offenses charged by counts one and two of the superseding information. Crim. Doc. 119. The plea agreement reflects that that the plea was freely and voluntarily made and not the result of force or threats or promises aside from those set forth in the agreement and that Movant had thoroughly reviewed all legal and factual aspects of the case with his attorney and was fully satisfied with his attorney's legal representation. Crim. Doc. 120. Moreover, Movant testified under oath that his plea was not coerced and that he was satisfied with counsel. Crim. Doc. 190. In particular, the undersigned pointed out to Movant that he could not come back later to complain that his plea was coerced by his attorney or that his attorney told him not to talk. *Id.* at 15–16. Movant stated that there was not "anything like that." *Id.* at 16. He had no questions about anything the Court had reviewed with him. *Id.* at

23–24. And, he agreed that he had committed each of the stipulated facts set forth in the factual resume. *Id.* at 26. At sentencing, Movant again acknowledged his guilt and thanked the U.S. Attorney and his counsel for reaching a plea agreement. Crim. Doc. 191 at 12–15. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). He has not come forward with any evidence bearing the slightest indicia of reliability to overcome his testimony. *See United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

### C. Fraud

In his fifth ground, Movant alleges that there was fraud on the Court by the Government and his counsel. Civ. Doc. 11 at 8. The allegations are wholly conclusory. More importantly, this ground is procedurally barred as it should have been raised on appeal and Movant has not shown cause and actual prejudice. *Shaid*, 937 F.2d at 232.

## III. CONCLUSION

Accordingly, Johnson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED this 4th day of April, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE